Appellant' Natalie Reiser is the mother of R.B., a minor child who is the subject of a child protection proceeding filed under Fort Peck Tribes Comprehensive Code of Justice, (CCOJ), Title IX, chapter 5. Ms. Reiser seeks review of an Order of March 8, 2006 entered following a permanency hearing, ruling that R.B. should be placed permanently with his grandparents, Ren and Diane Hempel. Oral argument was conducted on April 16, 2007. We affirm the Tribal trial court in accordance with the following.
An Emergency Petition concerning R.B. was filed in January 2005, pursuant to the *29 CCOJ Title IX, Chapter 5, See. 501. The Petition alleged R.B. was not safe at home due to the presence of his stepfather, in violation of a safety plan his mother had agreed to with the Department of Child and Family Services, (CFS), in November 2004. In part, the reason for the safety plan with respect to R.B. was that his stepfather was under investigation for sexual abuse and R.B. was a potential witness against him. In the safety plan, R.B.’s mother, Natalie Reiser, had agreed to his stepfather remaining outside the family home pending further investigation of the criminal allegations against him. In late December, R.B.’s stepfather moved back into the family residence. Shortly afterward, the Tribes filed the emergency petition.
On January 2, 2005, the Tribal trial court granted the emergency petition and set a fact finding hearing for February 2, 2005. At the end of the hearing, the trial court continued the Order with respect to R.B. A review hearing scheduled for May 2, 2005 was continued at the request of Appellant Reiser’s counsel. Hearings were held on February 6, 2006 and March 8, 2006.
Essentially Appellant Raiser argues that she was denied the opportunity for a review hearing CCOJ Title IX, Chapter 5, Sec. 509, that the service treatment plan was invasive of her privacy, and that the permanency plan is contrary to the law and evidence. The Tribes respond that a number of hearings were held, the purpose of the service treatment plan is to ensure the safety of the child involved and that evidence presented at those hearings supported the permanency plan ordered in March.
The record does not support Appellant Raiser’s arguments. She was afforded the required hearing on the emergency petition. The 90 day review hearing provided for in CCOJ Title IX, Chapter 5, sec. 510 was scheduled but continued at the request of her counsel. Two other hearings were scheduled and conducted by the Tribal trial court. The department was available to consult on and support her engagement in the service treatment plan. Evidence presented at the hearings supported the Tribes’ contention that Appellant Raiser had not completed a service treatment plan despite efforts by the department to assist her in doing so.
As the Order under review indicates, Appellant Raiser is free to petition the Tribal trial court for return of her son to her upon successful completion of a service treatment plan.
In closing, we note, as we did in Fort Peck Tribes v. Sterling Red Eagle, (Fort Peck Court of Appeals, Appeal No. 450, slip op., July 13, 2007), that the case file did not include any withdrawal request on the part of Appellant’s counsel, Mr. Clayton Reum. Yet he did not appear to represent Appellant at oral argument. Nor did he provide any notice to this Court as to why he was not present. Without knowing the facts behind his absence, it is difficult to know why he did not appear on behalf of his client. The Code of Ethics for Attorneys and Lay Counselors of the Fort Peck Reservation sets forth a number of standards of practice that may have been violated in this case. We recommend that steps be taken to follow up on this.
BASED UPON THE FOREGOING FINDINGS AND GOOD CAUSE APPEARING:
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The decision of the Tribal trial court is affirmed.